No. 10,486.

MECHLING v. MASTIN.

Decided January 8, 1923.

Action for damages occasioned by an automobile collision. Judgment for plaintiff.

*Affirmed.*

On Application for Supersedeas.

1. MOTOR VEHICLES—*Collision—Damages—Pleading.* Allegations of a complaint alleging damages resulting from an automobile collision, reviewed, and the pleading held good.

2. APPEAL AND ERROR—*Fact Findings.* Fact findings of the trial court based on conflicting evidence will not be disturbed on review.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. GRANT L. HUDSON, for plaintiff in error.

Mr. FRANK S. TESCH, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THE parties hereto appeared in reverse order in the trial court and are hereinafter so referred to.

About January 8th of the present year Henry Mastin, son of the plaintiff, was driving plaintiff's automobile west on the Golden road, a paved highway between Golden and the city of Denver, and defendant was driving his car thereon in the opposite direction. These cars collided and both were damaged. Plaintiff brought this action to recover of defendant the sum of $400.10 and interest, damages which he alleged he had sustained by reason of the careless and negligent conduct of defendant. A demurrer

to this complaint, for want of facts and ambiguity, having been overruled defendant by answer denied liability and counter-claimed for $200.00 damages to his own car. A jury was waived and the cause tried to the court. Findings were for plaintiff and against defendant and judgment was thereupon entered in the sum of $412.40, to review which this writ is prosecuted and a supersedeas prayed.

1. The first alleged error presented is the overruling of the demurrer to the complaint. Counsel vigorously contends that this complaint is unintelligible. It seems to us remarkably lucid. The objection that it does not state a cause of action is based upon the assumption that it merely pleads conclusions because it charges defendant with driving "recklessly, carelessly and negligently" and "at an excessive and dangerous speed." We need not notice the allegation of reckless, careless and negligent driving because the allegation of excessive and dangerous speed, taken in connection with other allegations as to the location of the cars, condition of the highway and defendant's attempt to pass a car in front of him without regard to the approach of plaintiff's car from the opposite direction, and defendant's inability under such circumstances to avoid the collision, constitutes a perfectly good statement of facts.

2. It is said that defendant's motion for non-suit at the close of plaintiff's testimony should have been sustained because there was no evidence to prove negligence or driving at an excessive rate of speed. It is admitted that the road was slippery and that one Mason was driving just ahead of defendant and in the same direction. There was evidence that when defendant turned out to pass the Mason car that car was going at approximately twenty miles per hour and plaintiff's car was approaching from the opposite direction and not more than forty feet away; that there was a ditch at the right of the road into which it was dangerous for plaintiff's son to turn; that the latter slowed up as rapidly, and turned out as far, as was consistent with safety; that he drove his car off, or almost off, the pavement before the collision; that the pavement was not wide

enough for three cars to run thereon abreast; and that, when defendant turned out on this slippery road in an effort to pass the Mason car the car of plaintiff, approaching him, was plainly visible. Further comment is unnecessary. The motion for nonsuit was properly overruled.

Other objections go to the sufficiency of the evidence, and to this question most of the argument on both sides is devoted. There are numerous and serious conflicts but defendant's position is greatly weakened, if not entirely destroyed, by his admissions that when he pulled out to pass the Mason car he began skidding; that he then knew the slippery condition of the road, was beside the Mason car on a narrow pavement, saw the car of plaintiff approaching, and realized the danger; that he thereafter got control of his own car and, notwithstanding the foregoing facts, continued in his attempt to pass; and that during this second attempt his skidding recommenced and the collision occurred as the result thereof.

Aside from the question of the sufficiency of the complaint this case resolves itself into a simple question of fact found by the court on conflicting evidence. We will not disturb such a finding. The law thereon is too well established to require further discussion, or the citation of authority.

The supersedeas is accordingly denied and the judgment affirmed.